**CITY OF McALLEN, Texas, Appellant,**

v.

**Michael ZELLERS, et al., Appellees.**

No. 13–06–470–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 1, 2007.

Rehearing Overruled March 22, 2007.

Lecia Chaney, Rodriguez, Colvin & Chaney, Brownsville, Neil E. Norquest, Rodriguez, Colvin, Chaney & Saenz, McAllen, for appellant.

Savannah L. Robinson, Danbury, Raymundo Lopez, Edinburg, for appellees.

Before Justices RODRIGUEZ, GARZA, and BENAVIDES.

## OPINION

Opinion by Justice BENAVIDES.

In this case, forty-four McAllen police officers (the "Officers") filed suit against the City of McAllen (the "City") claiming that the City failed to pay the Officers for "standby" duty. The City filed a plea to the jurisdiction asserting that the Officers failed to comply with the City's grievance procedure, thereby depriving the district court of jurisdiction over their claims. The trial court denied the plea, and the City now appeals. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006) (permitting interlocutory appeal by governmental unit from denial of plea to the jurisdiction). For the reasons that follow, we conclude that the City's plea to the jurisdiction did not raise a jurisdictional issue; therefore, we lack jurisdiction over this interlocutory appeal. Accordingly, we dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

From 1996 to 2002, several categories of McAllen police officers were placed on "standby" duty during weekends and holidays. "Standby" duty means that the officers must be available to report for duty at a moment's notice—they are prohibited from leaving the immediate area, from obtaining other employment, and from participating in activities that would impair their ability to immediately report for duty.

A dispute arose between the City and the Officers over standby duty pay. The Officers filed suit on May 21, 2001, alleging breach of express and implied contract and quantum meruit. The Officers also sought a writ of mandamus under the Texas Public Information Act and a declaratory judgment. After over five years of litigation and a week before trial was scheduled, the City filed a plea to the jurisdiction.[1] It alleged that the Officers failed to file a grievance as required by the City's Police Department Handbook (the "Handbook"). The City argued that the officers were required to file a grievance first with their supervisor, then with the police chief or department head, and finally with the City Manager. The City argued that the officers' failure to comply with all three steps of the grievance process deprived the trial court of subject-matter jurisdiction.

In response, the Officers argued that they complied with the grievance procedures. They asserted that Michael Zellers, a McAllen Police Officer, filed a grievance on behalf of all the officers in compliance with the Handbook. They asserted that the City waived any further Handbook requirements by notifying Zellers that the complaint was "not grievable."

The trial court held a hearing and then denied the plea to the jurisdiction. The City filed this interlocutory appeal challenging that order.

## II. STANDARD OF REVIEW

■ In general, an appeal will not lie from an interlocutory order. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.

1992); *Kaplan v. Tiffany Dev. Corp.*, 69 S.W.3d 212, 217 (Tex.App.-Corpus Christi 2001, no pet.). We may only review interlocutory orders if authorized by statute. *Tipps*, 842 S.W.2d at 272; *Kaplan*, 69 S.W.3d at 217. Texas Civil Practice and Remedies Code section 51.014 allows for interlocutory appeals in certain instances. Tex. Civ. Prac. & Rem.Code Ann. § 51.014. We construe this statute strictly, given that it is a narrow exception to the general rule that interlocutory orders are not immediately appealable. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex.2001).

■ We are authorized to consider an interlocutory appeal from the denial of a governmental entity's plea to the jurisdiction. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8). However, "an interlocutory appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that can be jurisdictional." *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex.2004); *see Univ. of Tex. Southwestern Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 366 (Tex.2004). Because we have a duty to establish our jurisdiction over this interlocutory appeal, we must first determine whether the City raised a jurisdictional issue in its plea to the jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Ctrl. Bd.*, 852 S.W.2d 440, 443–46 (Tex. 1993); *Garcia v. Comm'rs Court of Cameron County*, 101 S.W.3d 778, 779 (Tex.App.-Corpus Christi 2003, no pet.) ("We are obligated to determine, *sua sponte*, our own jurisdiction.").

---

1. Although we recognize that subject-matter jurisdiction may be raised at any time, we do not condone this sort of eleventh-hour procedure. Trial courts are encouraged to determine their jurisdiction as early in the proceeding as possible. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226

(Tex.2004). Unfortunately, trial courts often require the assistance of the parties in this determination, particularly where the issues relating to jurisdiction are not readily apparent. Parties should timely raise issues of subject-matter jurisdiction so that time and resources are not wasted.

## III. GENERAL PRINCIPLES OF SUBJECT MATTER JURISDICTION

■ Texas district courts are courts of general jurisdiction. Tex. Const. art. V, § 8. The jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." *Id.* For over one hundred years, all claims in law or in equity have been presumed to fall within a district court's jurisdiction unless the Texas Legislature or Congress has provided otherwise. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex.2000).

■■ In other words, we will not assume that a tribunal other than the district court has jurisdiction over a claim—rather, we must presume the opposite. *Id.* The party asserting that the district court lacks subject-matter jurisdiction over a claim typically within that court's jurisdiction should point us to some legislative act that removes jurisdiction from the district court. *Id.*

## IV. ANALYSIS

The City argues that its Police Department Handbook imposes a grievance procedure that police officers must follow prior to bringing suit in the district court. It asserts that the failure to comply with this grievance procedure deprives the district court of subject matter jurisdiction over the Officers' common-law claims. We disagree.

When pressed at oral argument, the City argued that it was not relying on any statutory authority to remove jurisdiction from the district court. Instead, it argued that the "common law of administrative remedies" provided the basis for its plea to the jurisdiction. We have been unable to

locate any common law of administrative remedies. Furthermore, only the legislature has the power to confer jurisdiction on a tribunal other than the district court. Tex. Const. art. V, § 8; *Dubai Petroleum,* 12 S.W.3d at 75. Accordingly, we must determine if there is any statutory authority for the City's contentions.

■ First, Texas Local Government Code chapter 143 provides a potential basis for the City's plea. Home-rule municipalities with populations over 10,000 and with a paid police department are authorized by the legislature to adopt Texas Local Government Code chapter 143. Tex. Local Gov't Code Ann. § 143.002(a) (Vernon Supp.2006). If the municipality adopts chapter 143, a civil service commission is created. *Id.* §§ 143.006(a).

To implement the chapter, the municipality's chief executive must appoint the three members of the commission. *Id.* § 143.006(a)-(b). These three commissioners then are authorized to resolve disputes between the municipality and its police officers according to the procedures set forth in chapter 143. *Id.* § 143.010. After the commission makes its decision, an appeal is authorized to the district court. *Id.* § 143.015.

In a footnote in its reply brief, the City notes that its population is over 10,000 and that therefore chapter 143 of the Texas Local Government Code applies to the City. However, the grievance procedures asserted as a jurisdictional bar in this case do not include submission of the grievance to a civil service commission consisting of three members appointed by the City's chief executive, as required by the local government code. *Id.* §§ 143.006(a)-(b), 143.010, 143.011. In fact, the Handbook's grievance procedure makes absolutely no mention of any commission. Rather, the procedure requires submission of the

grievance to the officer's supervisor, then to the chief of police, and finally to the city manager. Accordingly, chapter 143 of the local government code does not provide a basis for the City's plea to the jurisdiction.

 Second, the City briefly pointed to Texas Local Government Code section 51.077 in its plea to the jurisdiction. That provision states that a "municipality may adopt rules, as it considers advisable, governing the municipality's liability for damages caused to a person or property. The municipality may provide for its exemption from liability." Tex. Loc. Gov't Code Ann. § 51.077 (Vernon 1999). This statute has commonly been used by municipalities to impose pre-suit notice requirements. *Cavazos v. City of Mission*, 797 S.W.2d 268, 270 (Tex.App.-Corpus Christi 1990, no writ). We have not located, nor has the City cited, a single case where a municipality relied on this statute to create a tribunal for resolving disputes with that municipality. In any event, pay grievances do not involve "liability for damages caused to a person or property" and could not be regulated by the City through an ordinance adopted under this statute. *Mayes v. City of DeLeon*, 922 S.W.2d 200, 203–04 (Tex.App.-Eastland 1996, writ denied) (providing that suit for back-pay was not governed by ordinance enacted under this statute because it did not involve injury to person or property).

Finally, providing restrictions on and exemptions from liability are hardly the same as eliminating a district court's jurisdiction over traditional common-law claims by placing that jurisdiction with another tribunal. We believe that such decisions are more appropriately left to the legislature. *Cf. Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex.2006) (decisions regarding sovereign immunity from suit are more appropriately left to the legislature).

Accordingly, this statute does not provide a basis for the City's plea.

V. CONCLUSION

 We have neither located nor been directed to any applicable statute that allows a municipality to create a grievance procedure for its police officers and require compliance as a prerequisite to jurisdiction in the district court. Thus, the City did not raise an "issue that can be jurisdictional," and we lack jurisdiction over this interlocutory appeal. *Loutzenhiser*, 140 S.W.3d at 366; *Simons*, 140 S.W.3d at 349. Accordingly, we dismiss the appeal for lack of jurisdiction.